UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAM SUE NICHOLSON, | ) | CASE NO. 1:25CV2289 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| BUCKEYE FOREST AT | ) | |
| NORTH OLMSTED, LLC., | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff Pam Sue Nicholson to Remand. For the following reasons, the Motion is denied.

## I. BACKGROUND

Plaintiff filed her initial Complaint for state law age and disability discrimination on April 9, 2025, in Cuyahoga County Common Pleas Court against Buckeye Forest at North Olmsted, asserting that she was terminated from a position she held for 14 years; that the reasons for termination were pretextual; and that she was replaced with someone 30 years her junior.

Plaintiff's counsel communicated her initial demand of $275,000 to Defendant's counsel Tyler Tarney via a phone call on April 30, 2025. Mr. Tarney responded by email on May 7, 2025: "Unless she comes forward with a much more reasonable demand, we're going to need to take her deposition, serve a subpoena to her new employer, etc." (ECF DKT #5-2). Plaintiff filed her Amended Complaint in state court on May 13, 2025, dropping the disability discrimination claim but retaining the age discrimination claim. Plaintiff's prayer for relief recites:

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

**A**. Awarding Plaintiff compensatory and punitive damages in an amount in excess of $25,000 for violations of the OCRA;
**B**. Awarding Plaintiff her reasonable costs and attorney fees necessarily incurred herein; and
**C**. Awarding Plaintiff such other and further relief as the Court deems just and proper.

The case proceeded with both parties participating in a case management conference on June 18, 2025. In addition, Plaintiff served requests for admission, interrogatories and requests for production.

On July 15, 2025, Patrick Peters from Jackson Lewis, P.C. entered an appearance in place of prior defense counsel and asked for an extension of time to provide discovery responses. Both counsel continued to cooperate and agreed on further discovery extensions. Ultimately on October 15, 2025, Plaintiff's counsel prepared and filed a joint request to extend the discovery cut-off to February of 2026.

Defendant filed a Notice of Removal on October 23, 2025, contending that Defendant only received sufficient information that the amount in controversy exceeded the required amount of $75,000 for diversity jurisdiction when Plaintiff confirmed that figure in sworn answers to interrogatories and requests for admissions on September 23, 2025. (ECF DKT #1-3).

On November 21, 2025, Plaintiff filed the instant Motion to Remand (ECF DKT #5) arguing that Defendant failed to remove the case within 30 days of ascertaining its removability. Plaintiff insists that the initial Complaint, the telephone call of April 30, 2025 and at a minimum, the Amended Complaint should have established removability based upon the jurisdictional amount for diversity. In Plaintiff's view, Defendant should have filed for removal no later than

June 13, 2025; so, Defendant's Notice of Removal filed on October 23, 2025, was untimely under 28 U.S.C. § 1446.

## II. LAW AND ANALYSIS

**Subject Matter Jurisdiction and Removal**

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at \*1 (E.D.Ky. Apr. 4, 2006), slip copy; *Richmond v. Int'l Bus. Machs. Corp.*, 919 F.Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988)).

28 U.S.C. § 1332 states in part:

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

**(1)** citizens of different States . . .

In the instant case, the diversity of the parties is not questioned. When the inquiry turns to the amount in controversy, "the removing defendant must show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal-Mart*

*Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); see also, *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

28 U.S.C. § 1441 provides that "an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D.Ky. 1990).  Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008).  The burden of establishing federal jurisdiction rests upon the removing party.  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  "In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)).  A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

28 U.S.C. § 1446 provides in pertinent part:

(b)(2)(B).  Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal. (C).  If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
(b)(3).  Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days *after receipt by the defendant,*

*through service or otherwise, of a copy of an amended pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable. (Emphasis added).

Plaintiff argues that Defendant's Notice of Removal was improper and untimely because Plaintiff communicated her demand in excess of $75,000 in a telephone call to defense counsel on April 30, 2025. The Court finds that a verbal demand made by phone is not a recognized means for providing notice of removability as contemplated by 28 U.S.C. § 1446(b)(3). A demand is not evidence of the value of the case; but rather an initial trigger for negotiations. Plaintiff submits an exhibit (ECF DKT #5-2) which is a copy of Defendant's follow-up email to the telephonic demand. Again, the Court finds the email insufficient to show that the case was removable. While the email confirms a conversation about a number that Defendant saw as an unreasonable demand, no dollar figure is mentioned. Moreover, this entire April-May 2025 exchange was between Plaintiff's counsel and Defendant' previous counsel. Defendant's current counsel, who is a member of a wholly different firm, entered his appearance nearly three months later.

Plaintiff also insists that the Court should consider the whole record — that Defendant was Plaintiff's employer; that Defendant should have been aware of Plaintiff's salary; and that therefore, Defendant was informed by the Amended Complaint that the amount in controversy exceeded $75,000. The Court is not persuaded by this argument. The May 13, 2025 Amended Complaint prays for compensatory and punitive damages in an amount in excess of $25,000 plus attorneys' fees and costs. The Prayer for Relief makes no specific mention of "wages" or "back wages." The Amended Complaint offers Defendant no facts nor definitive claimed amounts to allow calculation of the amount in controversy.

Plaintiff asserts that the removal statute should be construed narrowly when determining

the time frame for removing an action from state court. *Brierly, id.* The Court agrees; but the statutory language should be strictly read in all respects. Neither the initial Complaint, the telephonic settlement demand nor the operative Amended Complaint constitutes the *amended pleading, motion, order or other paper* required by 28 U.S.C. § 1446 to begin the 30-day removal clock.

Defendant possessed solid and unambiguous information that the lawsuit was removable once Defendant received Plaintiff's discovery responses on September 23, 2025. (ECF DKT #1):

> Answer to Interrogatory No. 5:
> Plaintiff identifies damages in an amount of $311,768 and accruing as litigation continues. Plaintiff identifies the following categories of damages and estimated preliminary amounts:
>
> 1. Economic damages: Plaintiff identifies two years of lost wages in the amount of $102,256 representing lost wages since her termination less her efforts to mitigate damages and ongoing wage loss.
>     a. Plaintiff made about $66,000 a year while working for Defendant. Two years at this rate totals $132,000.
>     b. Plaintiff received a new job almost immediately after her termination and currently works at a rate of $13 an hour for about 22 hours a week. This totals to about $14,872 a year. For two years, this amount totals $29,744.
>
> 2. Non-economic damages: in an amount to be awarded at trial, estimated at $25,000.
>
> 3. Punitive Damages: in an amount to be awarded at trial, up to $209,512.
>
> 4. Attorney fees and costs, accruing as litigation continues.
>
>
> Request for Admission No. 1.
> Admit that you are seeking an amount greater than $75,000 in this case.
> Answer: Admitted.

As the Sixth Circuit instructed in *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352,

364 (6th Cir. 2015):

> Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice.  *Cf. Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir.2002) (citation omitted) (internal quotation marks omitted) ("The intent of § 1446(b) is to make sure that a defendant has an opportunity ... to remove upon being given notice in the course of the case that the right exists."); Charles Alan Wright *et al.*, 14C <u>Federal Practice and Procedure</u> § 3731 (4th ed. 2009) ("The statute requires 'an amended pleading, motion, order, or other paper' to act as a trigger to commence the running of a new 30–day period once the defendant has received actual notice, through one of the documents described in Section 1446(b), that a previously unremovable case has become removable.").

The sworn discovery responses Plaintiff served upon Defendant were solid and unambiguous information and actual notice that the amount in controversy met the jurisdictional amount for removal.  Thus, 28 U.S.C. §1332 federal court diversity subject matter jurisdiction is satisfied; and the removal was timely.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #5) of Plaintiff Pam Sue Nicholson to Remand to Cuyahoga County Common Pleas Court is denied.

**IT IS SO ORDERED.**

**DATE: 3/24/2026**         s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**